William C. CRONAN, Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee.

No. 15760.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1960.

Decided Dec. 8, 1960.

Miss Shirley Fingerhood, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, and Mr. Lawrence Speiser, Washington, D. C., for appellant.

Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel, Federal Communications Commission, and Max D. Paglin, Asst. Gen. Counsel, Federal Communications Commission, were on the brief, for appellee.

Before Mr. Justice REED, retired,* WIL-BUR K. MILLER, Chief Judge, and BURGER, Circuit Judge.

2. Whitehead v. American Security & Trust Co., D.C.D.C.1959, 188 F.Supp. 589.

* Sitting by designation pursuant to Section 294 (a), Title 28 U.S.C.

BURGER, Circuit Judge.

Appellant filed an application with the Federal Communications Commission seeking renewal of his radiotelegraph and radiotelephone operator's licenses. The Commission by letter asked him to answer under oath questions with respect to his membership in the Communist Party or any group which advocates overthrow of a government of the United States by force or violence. Appellant refused to answer these questions, and, after a hearing limited to the issue of failure to answer, the Commission dismissed the application for failure to comply with its request.

■ That the Commission has statutory and constitutional authority to ask these questions is established by this court's recent decision in Borrow v. Federal Communications Commission, 109 U.S.App.D.C. ——, 285 F.2d 266, certiorari denied 81 S.Ct. 223.

■■ Appellant claims that if the Commission desires this information, it must so announce by rule rather than proceed on an *ad hoc* basis. However, the regulations specifically provide that "if it appears that further information is required to determine the applicant's qualifications * * * the applicant will be notified in writing and given an opportunity to furnish such written showings as the Commission may request and as the applicant may desire to submit. * *" and that, "failure to respond to official correspondence or request for additional information will be cause for dismissal." 47 C.F.R. 1.71(a), (d). Cf. Graham v. Richmond, 1959, 106 U.S.App.D.C. 288, 272 F.2d 517, where no such regulation existed. Moreover, the Commission is not required to state by rule all the elements of character fitness with respect to which it may desire to make inquiry. Mester v. United States, D.C.E.D.N.Y., 70 F.Supp. 118, affirmed per curiam, 1947, 332 U.S. 749, 68 S.Ct. 70, 92 L.Ed. 336.

Affirmed.